# IN THE COURT OF APPEALS OF IOWA

No. 18-2115
Filed July 24, 2019

**BARTLEY DANIEL BLACK,**
Plaintiff-Appellee,

**vs.**

**STACIA LEIGH NEWLIN,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.

A mother appeals from the decree of paternity, custody, visitation, and support. **AFFIRMED.**

Ryan R. Gravett of Gravett Law Firm, P.C., Urbandale, for appellant.

Jaclyn M. Zimmerman of Miller, Zimmerman & Evans P.L.C., Des Moines, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Bartley (Bart) Black and Stacia Newlin are the parents of four-year-old K.L.B. The district court entered a decree of paternity, custody, visitation, and child support granting the parents joint legal custody and physical care of their child. On appeal, the mother argues she should have been granted physical care because she has been the primary caregiver under a temporary order for more than three years.

We review proceedings tried in equity de novo. *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988). We may review the entire record and adjudicate the issues properly presented anew. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). However, because the district court had the opportunity to hear the evidence and view the witnesses firsthand, we give weight to the district court's findings even though they are not binding. Iowa R. App. P. 6.904(3)(g).

Our primary concern in determining child-custody arrangements is the best interests of the child. Iowa R. App. P. 6.904(3)(o); *see also Lambert*, 418 N.W.2d at 42. Our goal is "to place the child in the environment most likely to bring that child to healthy physical, mental and social maturity." *Lambert*, 418 N.W.2d at 42 (citation omitted). We use the same legal analysis employed in resolving custody of children in a paternity action as used in dissolution cases. Iowa Code § 600B.40(2) (2018) (directing the court to apply the provisions of section 598.41 in determining custody and visitation in paternity actions). The legislature directs us to determine the custody arrangement that "will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents . . . , and which will encourage parents to share the rights and responsibilities of raising

the child unless direct physical harm or significant emotional harm to the child . . . will result." Iowa Code § 598.41(1)(a).

If a parent has requested joint physical care, as Bart did here, the court must consider joint physical care; and if it denies joint physical care, the court must make specific findings of fact and conclusions of law that awarding joint physical care is not in the child's best interest. Iowa Code § 598.41(5)(a); *see also In re Marriage of Hansen*, 733 N.W.2d 683, 696–700 (Iowa 2007) (noting factors to consider include (1) the stability and continuity of caregiving, i.e., the approximation rule, (2) the parents' ability to communicate and show mutual respect, (3) the degree of conflict between parents, and (4) the parties' general agreement about their approach to daily matters).

Here, the trial court considered the appropriate statutory factors and case law. The court found both Bart and Stacia were loving and supportive parents who generally worked well together to provide for K.L.B. It acknowledged one factor to consider was that Stacia had been the historical primary caregiver:

> If approximation were the only factor for the court to consider, an award of joint physical care would not be appropriate. However; historical primary care experience is just one factor for the court to consider and the other three factors in *Hansen* weigh heavily in favor of joint physical care.

The court found the parents were able to communicate and show mutual respect and had little conflict in doing so with the "exception of a smattering of tense text messages in the months leading up to trial and Bart's Facebook missteps." The court also noted the parents'

> similarities in child-rearing practices also makes joint physical care practical. K.L.B. gets up at the same general time each day whether she is in Bart's home or Stacia's home; and goes to bed at the same

general time at both homes. Her typical morning routine and bedtime routine are the same at both homes. She has her own room in both homes. Finally, both parents present as having strong parenting skills with solid morals and appropriate familial support.

On our de novo review, we agree an award of joint physical care is in the child's best interests.

Bart asks that we award appellate attorney fees. We may award the prevailing party reasonable attorney fees. *See* Iowa Code § 600B.26. Whether to award attorney fees is a matter of discretion with our court. *See Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005). In determining whether to award attorney fees, we consider "the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal." *See id.* (citation omitted). Because Bart has had to defend the trial court's decision and earns substantially less than Stacia, Stacia shall pay $2000 toward his appellate attorney fees.

**AFFIRMED.**